THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JUAN BOLAR, Defendant-Appellant.

Third District    No. 3—90—0867

Opinion filed May 22, 1992.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee, and Robert S. O'Shea, of Springfield (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

Following a bench trial the defendant, Juan Bolar, was convicted of unlawful possession of a controlled substance (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b)). He was subsequently sentenced to a two-year term of imprisonment. He appeals, and we reverse.

The record shows that the defendant was convicted of possession based on his accountability for a codefendant's possession of drugs. At trial, police officer Jeffery Powell testified that he was on surveillance in the area of 100 East Mulberry in Kankakee. At 11 p.m. he observed a car with two people in the front seat stop in the vicinity. The passenger, Anthony Hill, got out of the car and walked at a fast pace into a huge field. Hill was carrying a walkie-talkie in his left hand and was speaking into it. Powell also stated that Hill was carrying something in his right hand but he was unable to see what it was.

Powell testified that after Hill was about 30 to 50 feet away from him, he saw Hill bend down. He could not see Hill's hands and did not see him set anything down or pick anything up. Hill then returned to the car and left. Powell radioed other police officers to stop the car.

The car, driven by the defendant, was stopped and the defendant and Hill were arrested. In searching the car, police officers found two sets of working walkie-talkies.

Powell searched the area where Hill had been and found a plastic bag partially hidden underneath an old stove. The parties stipulated that the bag contained cocaine and that no fingerprints were found on the bag. In addition, it was shown that the area had not been checked for drugs prior to Hill's arrival.

On appeal, the defendant argues that he was not proven guilty beyond a reasonable doubt of possession of drugs based on an accountability theory. He bases this contention on two grounds. First, he argues that the evidence was insufficient to show that his codefendant possessed the drugs. Second, he argues that the evidence was insufficient to show that he had any plan to commit the offense or that he intended to promote or facilitate the commission of the offense. Since we agree with the defendant's second contention, we need not address the issue of whether the evidence showed that his codefendant possessed the drugs.

■■ Criminal responsibility may not be imposed simply through guilt by association, nor by the defendant's mere presence at the scene, nor even by the defendant's knowledge that the offense is being committed. (*People v. Walker* (1976), 44 Ill. App. 3d 494, 358 N.E.2d 672.) Rather, to convict a person of an offense on a theory of accountability, the State must prove beyond a reasonable doubt that: (1) the defendant solicited, aided, abetted, agreed or attempted to aid another person in the planning or commission of the offense; (2) this participation took place either before or during the commission of the offense; and (3) the defendant had the concurrent, specific intent to promote or facilitate the commission of the offense. *People v. Schlig* (1983), 120 Ill. App. 3d 561, 458 N.E.2d 544.

■■ A defendant's accountability may be proven by circumstantial evidence. (*People v. Evans* (1981), 87 Ill. 2d 77, 429 N.E.2d 520.) In reviewing cases involving only circumstantial evidence, the reviewing court will preserve the trier of fact's role as a weigher of the evidence by viewing the evidence in the light most favorable to the prosecution. The relevant question is whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. See *People v. Pintos* (1989), 133 Ill. 2d 286, 549 N.E.2d 344.

■ Here, the evidence showed that the defendant was driving the car in which Hill rode to a lot on East Mulberry and that he had walkie-talkies in his car. Other evidence showed that Hill had a walkie-talkie in his hand and that the two men may have conversed while Hill walked across the lot. Finally, it was shown that the defendant drove away with Hill as a passenger after Hill returned from the lot.

Importantly, it was not shown that the defendant and Hill were anything but friends or acquaintances. Further, the bag of cocaine supposedly deposited by Hill was not a large one since Powell could not even see it in Hill's hand. Thus, there was no showing that the defendant knew or had to have known that Hill was carrying contraband. Although Powell saw Hill talking into the walkie-talkie, he could not discern any words which linked the defendant to what Hill was doing. Nor was there a positive link between the defendant and the bag allegedly dumped by Hill, since neither the defendant's nor Hill's prints were on it. Then, too, neither the defendant nor Hill made any admissions linking themselves in any misconduct.

Based on the above, we find that the State failed to prove beyond a reasonable doubt that the defendant intended to promote or facilitate the commission of the alleged crime. We conclude that the evidence is insufficient to sustain the defendant's conviction for unlawful possession on an accountability theory.

Our decision renders moot the defendant's argument regarding his fine.

The judgment of the circuit court of Kankakee County is reversed.

Reversed.

BARRY, P.J., and SLATER, J., concur.